IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | |
| ) | Criminal No. 23-46-3 |
| CHRISTOPHER ANDREW SALGADO, ) | |
| ) | |
| Defendant. ) | |

**TENTATIVE FINDINGS AND RULINGS**

On April 10, 2024, Defendant Christopher Andrew Salgado pled guilty to a lesser included offense at Count One of the Indictment in this case, that is, conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii), in violation of 21 U.S.C. § 846.  In accordance with the Court's Presentence Order, the U.S. Probation Office prepared a Presentence Investigation Report ("PIR") dated June 14, 2024.  (Docket No. 119).  Pursuant to the Local Criminal Rules, counsel for the Government and for Defendant each had an opportunity to submit objections to the PIR.  Thereafter, the parties filed their respective Position with Respect to Sentencing Factors indicating no objections to the PIR.  (Docket Nos. 121, 122).  Subsequently, the Probation Office prepared an Addendum dated July 12, 2024, wherein it notes the lack of objections from the parties.  (Docket No. 123).

I.    *Guidelines Calculations*

The Court makes the following guidelines calculations in accordance with the United States Sentencing Guidelines.  The Court notes that after the Supreme Court's holding in *United*

*States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are merely advisory upon this Court. *See also Gall v. United States*, 552 U.S. 38 (2007); *United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009). The Court tentatively finds the following:[1]

1. Pursuant to Guideline §§ 2D1.1(a)(5) and 2D1.1(c)(6), Defendant's base offense level is 28 because the amount of controlled substance attributable to him is at least 3.5 kilograms but less than 5 kilograms of cocaine.

2. In accordance with Guideline § 2D1.1(b)(1), a 2-level increase applies because Defendant possessed a firearm when he was arrested.

3. There are no victim-related, role-related or obstruction of justice adjustments that apply.

4. Based on the above, Defendant's adjusted offense level becomes 30.

5. Pursuant to Guideline § 3E1.1(a), Defendant's adjusted offense level is reduced by 2 levels because he has pled guilty and clearly demonstrated acceptance of responsibility for his offense.

6. Pursuant to Guideline § 3E1.1(b), Defendant's adjusted offense level is decreased by 1 additional level because he timely notified authorities of his intent to enter a plea of guilty.

7. Therefore, Defendant's total offense level is 27.

---

[1] Pursuant to U.S. Sentencing Guideline § 1B1.11(a), because there is no *ex post facto* issue here, the Court applies the 2023 Sentencing Guidelines Manual. *See* U.S. Sentencing Guideline § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

8. Defendant has no criminal history points. Pursuant to Guidelines Chapter 5, Part A, a criminal history score of 0 results in a criminal history category of I.

II. *Potential Sentence*

Based on the above guidelines calculations, Defendant is subject to the following imposition of potential sentence:

1. *Statutory Provision for Custody*: Pursuant to 21 U.S.C. § 841(b)(1)(B)(ii), Defendant is subject to a term of not less than 5 years and not more than 40 years' imprisonment at Count One. The offense is a Class B felony. *See* 18 U.S.C. § 3559(a)(2).

    *Guideline Provision for Custody*: Pursuant to the U.S. Sentencing Guidelines, Chapter 5, Part A, based on a total offense level of 27 and a criminal history category of I, the advisory guideline range for imprisonment is 70 months to 87 months, which falls within Zone D of the Sentencing Table.

2. *Impact of Plea Agreement*: Pursuant to Rule 11(c)(1)(C), there is a stipulation as to the specific sentence to be imposed as follows: a term of imprisonment of 5 years; a term of supervised release of 4 years; a fine, if any, in an amount to be determined by the Court; and a $100 special assessment.

3. *Statutory Provision for Supervised Release*: Pursuant to 21 U.S.C. § 841(b)(1)(B)(ii), the Court must impose a term of at least 4 years' supervised release at Count One.

       *Guideline Provision for Supervised Release*: Pursuant to Guideline §§ 5D1.2(a)(1) and 5D1.2(c), the authorized term of supervised release is at least 4 years but not more than 5 years.

4. *Statutory Provision for Probation*: In accordance with 18 U.S.C. § 3561(a)(2) and 21 U.S.C. § 841(b)(1)(B)(ii), Defendant is ineligible for probation at Count One because it is expressly precluded by statute.

    *Guideline Provision for Probation*: Pursuant to Guideline § 5B1.1(b)(2), Defendant is ineligible for probation because the offense of conviction expressly precludes probation as a sentence. Furthermore, pursuant to Guideline § 5B1.1, Application Note 2 and § 5C1.1(f), Defendant is ineligible for probation because the applicable guideline range is in Zone D of the Sentencing Table.

5. *Statutory Provision for Fine*: Pursuant to 21 U.S.C. § 841(b)(1)(B)(ii), Defendant is subject to a maximum fine of $5,000,000.

    *Guideline Provision for Fine*: In accordance with Guideline §§ 5E1.2(c)(3) and (c)(4)(A), the advisory fine range is from $25,000 to $5,000,000.

6. *Mandatory Special Assessment*: As required by 18 U.S.C. § 3013(a)(2)(A), Defendant is subject to a mandatory special assessment of $100.

7. *Restitution*: Restitution is not applicable in this case.

8. *Forfeiture:* As set forth in the Preliminary Order of Criminal Forfeiture entered on April 23, 2024, "[a]ll right, title, and interest of [Defendant] in the following property, delineated by asset identification number 22-DEA-694971, are forfeited

to the United States pursuant to 21 U.S.C. § 853: a. a Taurus model PT111 G2A, 9mm caliber pistol, bearing serial number 1C062406; b. two (2) 9mm caliber pistol magazines; and c. 9mm caliber ammunition." (Docket No. 111).

9. *Statutory Provision for Denial of Benefits*: At the discretion of the Court, upon the first conviction for distribution of a controlled substance, Defendant shall be ineligible for any or all federal benefits for up to 5 years after such conviction pursuant to 21 U.S.C. § 862(a)(1)(A).

*Guideline Provision for Denial of Benefits*: In accordance with Guideline § 5F1.6, a defendant convicted of distribution or possession of a controlled substance may be denied certain federal benefits.

### III. Conclusion

The Court will receive evidence, including testimony, and hear argument regarding these tentative findings and rulings, as well as any other motions and responses thereto, at the sentencing hearing in this matter presently scheduled on **August 14, 2024 at 9:30 a.m.** Pursuant to the Court's Presentence Order (Docket No. 109), any sentencing memoranda shall be filed by **July 26, 2024** and any responses to same shall be filed by **August 2, 2024.**

*s/ W. Scott Hardy*<br>
W. Scott Hardy<br>
United States District Judge

Date: July 16, 2024

cc/ecf: All counsel of record
          U.S. Probation Office